

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---
### NO. WR-88,430-01
---

**EX PARTE ASHLEY ERVIN, Applicant**

---
### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1074292-A IN THE 208TH DISTRICT COURT
### FROM HARRIS COUNTY
---

*Per curiam. Newell, J., not participating.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). A jury convicted Applicant of capital murder. The State did not seek the death penalty, and the trial court imposed an automatic sentence of life without parole. TEX. PENAL CODE § 12.31 (eff. 09/01/2005 to 08/31/2009). The First Court of Appeals affirmed the conviction. *Ervin v. State*, No.333 S.W.3d 187 (Tex. App.—Houston [1st Dist.] 2010).

Applicant contends that her sentence in this cause is unconstitutional because she was under

eighteen years of age at the time she committed the offense. The trial court has entered findings of fact confirming that Applicant was under the age of eighteen at the time she committed the capital murder.

In *Miller v. Alabama*, 132 S.Ct. 2455 (2012), the Supreme Court held that a mandatory "life without parole" sentence for a defendant who was under the age of eighteen at the time of the crime violates the Eighth Amendment's prohibition on cruel and unusual punishment. In *Ex parte Maxwell*, 424 S.W.3d 66 (Tex. Crim. App. 2014), this Court held that *Miller* would be applied retroactively.

The trial court, with the State's agreement, recommends that relief be granted. The findings and recommendation are supported by the habeas record. The sentence in Cause No. 1074292 in the 208th District Court of Harris County is vacated, and Applicant is remanded to the custody of the Sheriff of Harris County for further sentencing proceedings in accordance with *Ex parte Maxwell*, *supra*. The fact finder, after consideration of Applicant's individual conduct, circumstances, and character, shall be permitted to assess Applicant's sentence at life with the possibility of parole or life without parole. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: June 20, 2018
Do not publish